09-4005-ag
Silva-Jimenez v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand ten.

Present:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
>     *Circuit Judges*,

---

JAIME SILVA-JIMENEZ, also known as Jaine Jimenez,

> *Petitioner*,

> v.                                                           No. 09-4005-ag

ERIC H. HOLDER, U.S. ATTORNEY GENERAL,

> *Respondent*.

---

| | |
|---|---|
| For Petitioner: | EARL IAN LAIDLOW, New York, N.Y. |
| For Respondent: | GLEN T. JAEGER, Trial Attorney (Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Jaime Silva-Jimenez, a Mexican national, seeks review of the August 27, 2009 order of the BIA denying his motion to reopen proceedings following its dismissal of petitioner's appeal from the denial of his application for cancellation of removal. *In re Jaime Silva-Jimenez*, No. A097 531 035 (B.I.A. Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). When the claims are merely factual, the BIA exceeds its discretion "only in those limited circumstances" where its decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Song Jin Wu v. INS*, 436 F.3d 157, 161 (2d Cir. 2006). The BIA shall grant a motion to reopen only if "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Silva contends that the BIA erred in denying his motion, which was based on purportedly new, material testimony from his wife and evidence pertaining to his son's learning disability. On review, we cannot conclude that the BIA abused its discretion in denying petitioner's motion. Although Silva and his wife were separated at the time of his hearing before the immigration judge, after reviewing the record, we agree with the BIA's conclusion that petitioner did not establish that her testimony would provide information that could not have been presented at the

2

prior hearing or that it would be new and material to his petition.  We note that petitioner did not present any evidence showing that petitioner's son Brandon could not receive the requisite special education services in Mexico.

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.  Having completed our review, we **DISMISS** the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3